UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AGUSTIN ROMERO MORALES,** | Civil Action No. 26-0444 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **TODD LYONS, et al.,** | |
| Respondents. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Agustin Romero Morales, who is presently detained by Immigration and Customs Enforcement ("ICE") in Delaney Hall Detention Facility ("Delaney Hall"). (ECF No. 1 ¶ 14).

2. Respondents Acting ICE Director Todd M. Lyons, Department of Homeland Security ("DHS") Secretary Kristi Noem, and Acting ICE Field Director oppose the Petition. (ECF No. 5).

3. Petitioner is a citizen of Mexico. (ECF No. 1 ¶ 14). He entered the United States without inspection or parole approximately 25 years ago. (*Id.* ¶ 18).

4. He was encountered by immigration officials on January 9, 2026 and detained in Delaney Hall. (*Id.*)

5. Petitioner argues that ICE is improperly detaining him without a bond hearing due to a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to 8 U.S.C. § 1225(b). (*Id.* ¶ 32 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

6.  He further argues that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to a bond hearing before an immigration judge. (*Id.* ¶ 39).

7.  Respondents assert that Petitioner is properly detained pursuant to § 1225(b)(2) because he is a noncitizen "who entered without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted. As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 5 at 2).

8.  Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9.  Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Section 1225 provides in relevant part that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'"

*Bethancourt Soto v. Soto, et al.*, No. 25-cv-16200, __ F. Supp. 3d __, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025), *appeal filed* No. 25-3566 (3d Cir. Dec. 22, 2025).

11. Section 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (citing *Jennings*, 583 U.S. at 288-89).

12. Petitioner entered the United States without inspection or parole and was not detained by DHS until he had been living in the United States for decades. "A noncitizen like Petitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112, 1139 (D. Nev. 2025).

13. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

14. An appropriate order follows.

 *[signature]*

Hon. Susan D. Wigenton,
United States District Judge
Dated: February 18, 2026